Good morning, Your Honor. Mr. Gerald Stearns for the appellants in this case. I'd like to reserve a few minutes of my time for rebuttal. Your Honor, this is a most interesting case and we believe it is one of strictly a first impression, certainly in this circuit. The issue is a reasonably clear cut and that is what claims must be filed within a certain time period and which are not. Now, the situation here is factually very simple. The decedent, Mr. Narayanan, is on an international ticket, British Airways, therefore it's a Montreal case. We allege he was wrongfully denied oxygen, contrary to the arrangement that had been made with the family. He suffered an adverse reaction on the airplane, deteriorated, eventually died some six months later. Where this case went awry, if I can use that expression, in the lower court is a combination of several things. First, without analysis, the court assumed and adopted British Airways' argument that all claims of any kind that are related in any way to a flight are covered by Article 35.1 and are extinguished automatically two years post-arrival of the aircraft at its destination. Secondly, that the court, again at the position taken by British Airways, muddied the difference between a personal cause of action and a wrongful death case. They treat the entire case as one, that is to say, and the quote from the court below is interesting, the family knew that Mr. Narayanan had been injured, they knew he was suffering. The fact that they did not appreciate the extent of that suffering makes no difference. They had the full two years at any time to file, quote, their claims, unquote. This is simply not so. California law will control in this case because of our choice of law rules makes it very clear the predominant contacts in the governmental interest of California. California law is very clear that a cause of action for a personal injury is one thing. A claim for wrongful death is something quite different. The wrongful death claim is not derivative. It is not a continuation of the personal injury. It is not a survival action. It is a new cause of action that does not exist until the death of the decedent. Kagan. Well, counsel, one of the cases that you relied on for the proposition that there's a pass-through permissible to local law is Zickman v. Korean Airlines. But has there been any case that has applied Zickman to circumvent the two-year limitation period, whether in this circuit or anywhere in the country? Not at all. And circumvent is the wrong word. The reason we cited Zickerman to you is that this is the second part of my argument. I haven't gotten there yet. The third thing that happened below is that they misread or ignored the clear text language of 35-1 of the Montreal Convention, which says the right to damages shall be extinguished two years post-arrival. We briefed that very extensively. I'm not going to spend a whole lot of time on that issue. I think the brief is very clear on that. There is a distinct difference in the English language between the right to damages, which is a singular, one specific singular article, the, and any right to damages, which we'll refer to others. And it is clear the drafters of Montreal understood that distinction because they when they say any action, however founded, must be brought pursuant to the conditions of the Convention. Any. In 35, they use the word the. Two different words that clearly understood the difference. This case in the lower court, that distinction was totally lost. Not to answer your question, Your Honor. No, Zickerman has not ever been used, as far as I know, in connection with limitations. What I cite Zickerman for is the most important principle there, where the Convention is silent as to any given point. And indeed, it is on many. And we listed those in our briefs. There are a whole lot of situations where the Convention is either ambiguous or silent. And when it is silent, Zickerman stands for the proposition that the court may look to local law as a pass-through. That's the word that Justice Scalia used in that decision. And basically, that's what it is. You go through the Convention. Now, the reason that argument is important is because principle one here, this Convention. My first argument would be under Chubb, under the Menlo forwarding case, which was decided by this circuit a couple of years ago, which says very clearly, number one, not all actions that may relate to an injury or damage that occurs on an aircraft are covered by Article 35-1. In fact, in that case, this was a case brought by a third party whose cause of action, not unlike what we have here, did not arise until some time later, long after the aircraft had arrived. The Chubb case goes on to tell us that some actions do not exist until, if I can call them post-arrival events. The Convention itself, 35-1. 35-1 in Montreal is lifted verbatim from 29-1 of the original Warsaw Convention, which uses this fixed, arbitrary, two-year, worthy of what one calls a statute of the closed. I expect that's kind of what it is, is the plot, having nothing to do with the arrival of the cause of action or who holds the cause of action or when it occurred. It's simply date one, date two, end of discussion. That is what we saw from the court below. That is what we saw in the Bates case, B-A-P-E-S. That's the only one that's ever come down on this point, some 50 years ago. But what the Convention drafters overlooked is the right to damages can only refer to a right to damages that exists when the airplane arrives. And that was Mr. Narangi's personal cause of action. And indeed, that is extinguished at the end of that two-year period, and we conceded that down below. However, he lives for six months. So there is no wrongful death case. And when the court says the plaintiffs, plural, could have any time filed their lawsuit within the two years, that's just not right. It's not true. They can't file a lawsuit while the decedent is still alive. It's still his case. We don't even know who the proper parties are going to be because they have to be the heirs at the time the death occurs. So this is a post-arrival trigger, if I can use that word. And Chubb, from this circuit, says that kind of case, where the cause of action is post-arrival based rather than on the airplane base, is not covered by 35-1. And therefore, they didn't use Zicherman there, but that's basically what they did. They looked through the convention to local law to the two years. Now, why is that important? Because two years is the time the drafters, going all the way back to 1929, when they first drew up the Warsaw, they picked what was obviously to them a reasonable time frame. It was two years. Let me ask you this, because I'm interested in the argument that because this is a wrongful death action, we're really talking about a cause of action that arises outside of the Warsaw Convention or the now Montreal Convention. And therefore, we simply looked at this as basically a state law cause of action rather than a Montreal cause of action. Does that mean that that's essentially the argument? Not quite. It's not the same cause of action. It arises out of the same events as did the situation in Chubb. Now, remember in Chubb, something happens to the engine. But Chubb is a third-party liability question. Right. But the third-party claim doesn't arrive until they pay the indemnity. No, I understand. This is an analogous situation. But I'm trying to understand your argument with respect to this case, and that is that this is a wrongful death action. And does the wrongful death action depend on California law for its substance, or does it depend upon the Montreal Convention for its substance? Very good question. Very fair question. The answer is it depends on California law. The Warsaw Convention and the Montreal Convention give you the right. The word that they use is under Article 17, either injury or death. Right. So let me ask you a related question. So the facts of the question I'm about to ask you are there's an air crash in which there's a very severe injury to one of the passengers. That passenger is a patient for six months and then dies as a result of the injury sustained in the crash. He never comes out of the hospital. What's the statute of limitations for bringing that action after he's now dead? Because it's a new case. And the substantive cause of action being sued upon is not violation of the Montreal Convention, but rather sued upon is a question of the California law wrongful death? That's right. If you read the exact words used, the framers, taking your example, bad crash, person hurt, never comes home from the hospital, my guy, deprived of oxygen, goes downhill. He comes home, but he only lives six months. It's an identical situation in principle. My point is that his case, your crash victim or my oxygen-deprived passenger, is running along and will be extinguished at the end of those two years. The family has no case. Okay. The wife was aboard and watched this, but she has no case under Floyd v. Eastman because it's all mental distress. There's no physical injury. The two kids are not even on the airplane. So here you have people who have nothing to do legally with the events that take place on the airplane, and yet six months, seven months, whatever it was later, they find themselves with a cause of action, which, yes, it does relate back. It's based on facts occurring on the airplane, but this is a new plane. How do we measure damages? Again, I'm trying to figure out what the nature of the cause of action is, whether it's treaty-based or state law-based. How do we measure the cause of action for a death caused by an air crash? Well, that's why I cited Zuckerman. In my opinion, it's a pass-through because the convention, Your Honor, is silent. All it says is death, okay? Death is compensable under Article 17. It says you get damages, and it says an event of death. Okay. What does that mean? For instance, who are the heirs? Who are the beneficiaries? What are the elements of damage? For instance, in California, we have loss of society, which is non-economic damage in death cases. Most of the European countries, they do not. So the right is defined by the convention, but the elements of the cause of action are necessarily local law. Okay. Justice Scalia and Zuckerman says you look to local law. In that case, it was DOCIA, the Death in the High Seas Act. Here, you look to local law, California, a foreign state, okay? But that's California's whole law, not just its local law. California's whole law includes a choice of law analysis. You go through that first. We will brief that. I don't want to take a whole lot of time on it. But basically, it's a governmental interest, and you do the proper analysis. California law controls California wrongful death. You necessarily then, the procedural rules kick in, and California gives you two years. And there's a backup argument for that, that procedural matters are governed by local law or by the federal rules in any of it. And we did cite Flanagan in support of that, which is from the district court, central district, although it's a little different because in Flanagan, there really was a lawsuit on file for the claim. It was simply class action. I'm down to a minute 40. I would like to save a little time. Thank you. Thank you. Good morning, Your Honor. Why does that argument make good sense? This Court has held in a case called In Re Mexico City Air Crash, which I believe Judge Fletcher and Judge Preterson took part in, where you found that the wrongful death. I think that was the other Judge Fletcher. Okay. It might have been. In Re Mexico City Air Crash, where the Ninth Circuit held the wrongful death cause of action arises under Article 17 of the Montreal Convention rather than under California or state law. So it's a preemption that Montreal, and at that time Warsaw, preempted all state law claims. What if they have an air crash, severely injured passenger, in the hospital for two and a half years? At the death, the passenger brings suit for wrongful death. There's a statute of limitations problem? There is, Your Honor. It's actually under the Montreal Convention and its predecessor, Warsaw. It's the nature of a statute of repose. And the drafters drafted Article 35 in a way that triggers on the occurrence of three specific events, rather than on the accrual of the injury or the claim, which is the nature of a statute of repose. Those are fancy words. I want a more practical answer. Okay. We have an air crash. A lot of people are killed. Some people are injured. One person is severely injured, is in the hospital in a coma for two and a half years, and then dies. He brings a suit or someone brings a suit on his behalf for his injuries, but not for his death because he isn't dead. Two and a half years later, he dies. Let's say that a suit for the injuries was even settled in the intervening period. And now he seeks to bring a new suit because he's now dead, and now it's the heirs who are bringing it. No suit? No suit, Your Honor. That seems just wrong because it clearly arises out of it. We clearly didn't have a cause of action for a wrongful death until he dies, and it's outside the statute of limitations. And, Your Honor, that's the nature of a statute of repose. And as this Court has said— But you can't be meaning that. That's correct, Your Honor, because the draft— That's correct that you can't be meaning that or you do mean that. I do mean that, Your Honor. But your understanding is correct, and that's the harshness that a statute of repose has, that it will extinguish a cause of action even before it has arisen. As the Ninth Circuit has said— Well, how can you extinguish something that's not dead? That's the nature of a statute of repose. Is this something that was specifically contemplated and negotiated by the drafters and the members of the Montreal Convention? Do you have any legislative history or other sources of authority that could help us determine whether this issue in the precise scenario contemplated by the example that was asked by Judge Fletcher was actually considered and rejected? Your Honor, the drafting history of the Warsaw Convention is pretty sparse, and we've attached some of it as an addendum to our answering brief. But what we do know is that the drafters decided that the two-year limitation period under Article 35 could not be told. It was a condition proceeding, and this was to make sure that Article 35 was uniform across the world to all the signatories. But the textual analysis of Article 35 itself shows that the drafters anticipated only three triggering events for that two-year limitation period to run. The first was when the aircraft reaches its destination. The second is when it ought to have reached its destination. And the third was at the end of the transportation. Those are the only three triggers for the two-year statute of limitation. You can't look to local law to add a fourth trigger. It's inherent in the statute itself. And does the treaty eliminate other causes of action for damages? That is to say, is it preemptive of all state and local law causes of action for death? That's correct. As the Supreme Court has held in El Al versus Singh. So what if, for example, let's have, I think, a more realistic example. Our guy is very severely injured. He lingers for two and a half years. A suit is filed for the injury within the two years after the crash.  Let's assume the suit is still pending and he seeks to amend as soon as he dies. Statute of limitations still prevents the filing of the claim for wrongful death? Even if it's an amendment to an already existing suit? Yes. The survival cause of action would survive, but the wrongful death would have to be dismissed as untimely under Article 35. So in other words, anybody who takes a long time to die after an air crash, his errors are just out of luck. And that supports the theory behind a statute of limitations or a statute of repose. It gives closure. Think of the scenario where... Well, it gives closure to something. I mean, there's just something counterintuitive to this. I understand the law is sometimes crazy. It is sometimes unjust. It is sometimes formalistic. But you try to have it make sense. And it doesn't make sense to me that someone can have a cause of action foreclosed before the cause of action arises by a statute of limitations or a statute of repose or whatever you call it. I agree with you, Your Honor. It doesn't make sense. But as this Court has said, quote, while an injured party might feel aggrieved by the fact that no action can be brought, a repose is a choice that the legislature is free to make. And they've made it here. And take the... Do you have any case that... I mean, my hypothetical is a little bit odd. Most people either die or survive, and, you know, you know within a very few weeks whether somebody's... Do you have any case that addresses the hypothetical that I've just given you of someone who survives for more than two years? The only case is the Bates v. TWA case, which the Court did not go into a lot of analysis. And I believe the reason why the Court didn't go into an analysis is because the Court found that Article 35 was clear on its face, that it meant what it said. And that's the only decision that's on point. And remind me of the facts of Bates. I've got it here in front of me, but... In Bates, it was the scenario that you used as a hypothetical, Mr. Bates died more than two years after the aircraft arrived at its destination. That's a district court matter. That's correct. It's a district court case. But it's the only one that we found on point. But the claim was brought within the two-year limitation period in that state. And the Court in Bates held that it was untimely under Article 29 of the Warsaw Convention, which was grafted over into Article 35 of the Montreal Convention. So that's Bates. That's my example. And if you take that to the slippery slope, is that if it's two and a half years, what if it's 10 years, 15 years, 30 years, 40 years before that passenger dies as a result of injuries? By that time, the airline employees and evidence is long gone. Well, but that's going to be the case for any wrongful death statute. And somehow we've managed to, as a part of my useful language, we've managed to live with wrongful death statutes despite that problem. That's correct, Your Honor. I mean, it's inherent in a wrongful death statute that if the cause of the injury or the cause of the death is a fair amount before the death, that's your problem. That's correct, Your Honor. And we've managed to deal with that. Yeah. You're right as there's a harsh result to it. And I think that when this Court has addressed the statute of repose, it realizes that's the cause. Well, you can also have discovery of before. Well, maybe you can. Let's say you have someone who is in a plane crash that's subject to the Warsaw Convention or the Montreal Law, and that person is in a coma for a number of years. And discovery of what happened or whatever is needed by the family, and the family believes that this person is going to be, their loved one will be in a coma for more than two years from one of those critical triggering periods or events. Is there any way that discovery can be held earlier before death takes place? Well, Your Honor, I believe that that is a possibility. If the airline is aware of the nature of the injuries, I think that's a distinct possibility. But I don't think that would happen in every single case. For example, in this case, the airline was not aware that Mr. Norarian had fallen ill and had gone into the hospital until sometime six months into his life. Well, he had congestive heart failure. That's my understanding, Your Honor. That means his life expectancy is pretty limited. That's my understanding, Your Honor. But to go back to the question presented by the appellants is whether the district court erred in treating Article 35 as a statute of repose rather than a statute of limitation. It's our position the district court did not err. And if you look at Article 35, first, based on the textual analysis, it's what the drafters put into Article 35, and it's what they meant. Secondly, if you look at the post-ratification understanding of both Article 29 and Article 35, you see that the courts, the majority of the courts that have dealt with the limitations period, have found that it's a condition proceeding to bring in a lawsuit, whether it's for personal injury or wrongful death, and it's a limitations period that cannot be told. Now, those are both indicative of a statute of repose rather than a statute of limitations. And your opposing counsel isn't relying on any tolling argument, at least insofar as I read the reply brief, and when it's his turn to present his rebuttal arguments, I'll ask him to clarify the same thing, but I don't think that there was reliance by the appellant on any equitable tolling doctrine here. Is that correct? That's correct, Your Honor, and I have the utmost respect for Mr. Stearns, and I would never, ever say that he was lying. The reason why we put in our answering brief the tolling argument is to support our position that Article 35 is in the nature of a statute of repose rather than a statute of limitations, and a statute of repose cannot be tolled and is a condition preceding to bring a lawsuit. No. I understand that that's why you did that, but I just wanted to clarify that there was actually no reliance on appellant's part on any equitable tolling doctrine. My understanding that there is not. Appellants cite the Flanagan case in its reply brief for the position that the Article 29 in Warsaw could be tolled. However, Flanagan departs from a vast majority of the cases. It's in a small group of cases that are now outdated that found that tolling did apply. The majority of cases since Flanagan have found that you cannot toll Article 35 for any reason, infancy, bankruptcy, et cetera. Sometimes the airlines themselves weigh for the monetary limits on the death cases under the conventions. That's correct, Your Honor. Under the original Warsaw Convention, there was a limit of liability that was originally $16,600. That was later raised to $75,000, and eventually a group of carriers signed what was called the IATA Inter-Carrier Agreements, and they waived the $75,000 limitations of liability. Now, under the new convention, When did that happen? I believe it was 1993. Don't quote me on that. I'm thinking of a case that happened way before that. Yeah, under the new... That was the SAS crash in the Santa Monica Bay back in the 70s. So at that time, the Warsaw Convention applied, and they had the cap on liability. Yeah, but the carriers said... I mean, I remember... They waived it. Well, what they said was, We're going to bring everybody in the courtroom, the survivors, the representatives of the decedents, and, Judge, you tell us what to pay, and we'll pay it. And the limitations are not going to block your decision. That's what happened. That surprised me. Well, it's clear, Your Honor, that all the parties had faith in your judgment on assessing damage liability. I was waiting for you to say that. No, they... I don't think it was that. It was... How did this accident happen? Under the new convention, the Montreal Convention in 1999, they did away with the limits of liability in the first instance, but there's assumed liability for the carrier,  and then there's a cap on liability of 113 special drawing rights, which today's equivalent is about $176,000 and some change. That's the limit. If the carrier can prove that they were not negligent in causing the injury to the passenger. Does that mean, then, in cases of negligence, if there's death, we measure the cap on damages by whatever the local law for wrongful death action is? If there's a wrongful death action, the measure of damages, as the Zickerman case decided, you look to the pass-through for local law, because both Warsaw and Montreal are silent as to what types of damages are recoverable. Unlike when you... But previously, there'd been a cap, correct? And now there's no longer a cap. That's correct. So previously, if a wrongful death action cap under local law was higher than the Warsaw cap, the Warsaw cap being lower would apply. That's correct. And there is no longer a cap now that we have the Montreal Convention. Therefore, the pass-through to the state or local wrongful death action applies, right? You would still look, pursuant to Zickerman, you would look to see what types of damages would apply, and depending on the jurisdiction, whether there's a cap in that jurisdiction. Right. No, I understand that. No, what I'm pushing at is, well, how much shall we look at this gradual process of putting more and more onto the wrongful death action and its characteristics in a local jurisdiction, to think, well, maybe they've intended to do that with respect to the statute of limitations also. Well, there's two parts to that. First, under Warsaw, they only push to local laws, whether it be California, the United States, or other signatories, what types of damages are recoverable. That's still the same under Montreal. You still look to local law to find out what types of damages are. That was just a cap on air carrier liability. Right. No, I understand that. And the purpose was, back in 1929, when Warsaw was drafted, the aviation industry was in its infancy. Well, they wanted to substitute what they wanted. Exactly. Exactly right. Well, to those time limits, that portion of the convention that talks about time limits, does it state this is a statute of repose? The Montreal Convention does not specifically say statute of repose. It calls it a limitation period. There is one court, Dixon v. American Airlines, where the court actually describes the limitation period as the repose period. But the Montreal Convention itself does not call it a repose. You call it a limitation period or a repose period. The answer to the average person doesn't mean anything. I'll agree with you, Your Honor. It is very confusing. What other statutes of repose do we have? There's a statute of repose under GARA, the General Aviation Revitalization Act. Other than the aviation business. I think there may be a statute of repose under CERCLA litigation. In this area of the law, it's very— It's a very blurred area of the law when you look at statute of limitations versus a statute of repose. One ingredient of a statute of limitations, one of the key ingredients, is that the limitation starts to run as soon as there's an injury. That's when the limitation accrues. Under a statute of repose, it doesn't matter that there's an injury. It doesn't matter that a cause of action is accrued. The statute of repose picks a specific event, and that's what it ties to the beginning of the running of the limitations period. That's exactly what the drafters put in Article 35 of the Montreal Convention, and it sets forth those three very specific events when that period starts to run. This Court has discussed statute of limitations and statute of repose in several cases, and they have opined at the difficulty in telling the two apart. But a quote from Underwood Cotton, Inc. v. Hyundai, cited in our answering brief at page 19. The Court held that the statute of limitations preclude the plaintiff from proceeding. The right, moral or legal, goes on, but the plaintiff simply cannot go to court in order to enforce it. A statute of repose, however, has a more substantive effect because it can bar a suit even before the cause of action could have accrued, or, for that matter, retroactively. After the cause of action has been accrued, in proper circumstances it can be said to destroy the right itself. It is not concerned with the plaintiff's diligence. It is concerned with the defendant's peace. So if the Court has no more questions, I'll submit an argument. Well, remind me the next time I'm in that situation and I've got a relative who's not dead yet to encourage the death just a little before the two years. Or just tell them when it's time to go. Yeah. What do you do about that? What if they pull the plug two days before? It's one option, Your Honor. Huh? It's one option, Your Honor. That's against public policy, and that's what we want to encourage. That's an interesting subject. Thank you, Your Honor. I think the last hypothetical points out exactly why you need a uniform two-year statute of limitations running from the time of the death. Now, all this business about a statute of repose is very interesting and it's very puzzling, but this is not this case. 35-1, which is pegged to the time of arrival of the airplane and nothing else, in effect, is a statute of repose. It's a fixed arbitrary point. That doesn't cover this case because 35-1 says the statute of repose. The A or the the? The A. There you go. You read my brief. Bless your heart. Your Honor, this is so important. 35-1 says the right to damages shall be extinguished. That's the word. The word statute of limitations doesn't even appear in the convention, okay? It says the right to damages shall be extinguished two years from the time the airplane should have arrived. And you picked up on that when you said, oh, wait a minute. How can you extinguish something that doesn't exist? Amen. No cause of action for death existed. When they say the cause of action, the action for damages, one singular, that's the only one is Sam's personal injury, and that does die with him or is extinguished, yes, at the end of two years. This case is not that. Let me quote to you from Chuck. Finally, it is worth noting that Article 35 only mandates that the, they don't underline it, they don't italicize it, I wish they would have, only mandates that the right to damages shall be extinguished if an action is not brought within a period of two years, period. It does not require that all actions relating to a particular event must be brought within two years. That's our case. That's our case. Our death does indeed relate to an event on the airplane, but it is not the thing that was in existence at the end of the two years from the time of arrival. It's a post-arrival event. It is totally analogous to Chuck, and it has nothing to do with the statute of repose. And you're not relying on any equitable tolling argument? Oh, no. No, Your Honor, you picked that up. They spent half their brief on equitable tolling, and we use the word straw man, perhaps a little too strong, that they set this up to show this terrible, terrible thing to equitable tolling, we can't do it, and so on and so forth. It has nothing to do with equitable tolling. Equitable tolling is where the cause of action arises, statute starts to run, then is suspended for some reason, minority, bankruptcy, defended out of the country, whatever, and is suspended for some period of time. And the drafters of the convention looked at that and said, no, we can't have individual judges suspending running of the time for various reasons. That's not uniform. This is not tolling. There's nothing to toll. There's no cause of action until they die. You're not tolling anything. Mr. Cunningham indicated that he discussed so heavily those cases and equitable tolling in his answering brief to make the point that Article 35-1 is a statute of repose. It sounds to me like you're conceding Article 35-1 is a statute of repose. It's just that, like the Chubb case, your case doesn't present a claim for damages that arise within the scope of Article 35-1 because you didn't have a cause of action at the time. I don't concede for purposes of argument that 35-1 does operate as a statute of repose. So what? It has nothing to do with those cases. It's just that simple. And I'll tell you, the proof of putting, with all due respect to my learned opponent, is in their brief when they're making this argument about 35-1 extinguishes they purport to quote 35-1 saying, all actions, or perhaps they said any, are extinguished. At quote 35-1 it doesn't say that at all. It says, the. So that shows you the critical importance of those two terms. Even British Airways stumbled over it. Thank you. Enjoy the argument that the matter is submitted.
judges: Pregerson, Fletcher, Nguyen